IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02913-NYW

COLORADO ACCESS,

    Plaintiff,

v.

ATLANTIC SPECIALTY INSURANCE COMPANY, and
THE MEDICAL PROTECTIVE COMPANY,

    Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendants/Counterclaim Plaintiffs Atlantic Specialty Insurance Company and the Medical Protective Company's Unopposed Motion to Restrict (the "Motion" or "Motion to Restrict") [Doc. 40, filed April 13, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated December 28, 2021. [Doc. 24].

    "'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754

F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient, as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); private or personally identifiable information, Fed. R. Civ. P. 5.2; or information that otherwise invades privacy interests, *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2. Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4).

Defendants Atlantic Specialty Insurance Company ("Atlantic") and the Medical Protective Company ("MPC") seek Level 1 Restriction of two exhibits attached to their Motion for Summary Judgment: Exhibit A-1 [Doc. 37-1] and Exhibit A-15 [Doc. 37-3].[1] Exhibit A-1 contains copies of Family Provider Agreements ("FPAs") entered into by Plaintiff Colorado Access and various providers. *See* [Doc. 37-1]. Exhibit A-15 is a Full and Final Release and Settlement Agreement (the "Settlement Agreement") between Plaintiff Colorado Access and three Institutions of Mental Disease (the "IMDs"). *See* [Doc. 37-3]. Defendants represent that each of the Exhibits was designated as "Confidential" pursuant to the Parties' Protective Order. [Doc. 40 at ¶ 4]; *see also* [Doc. 30].

Defendants argue that Exhibit A-1 contains "trade secrets and competitively sensitive and proprietary information regarding both [Plaintiff's] and the IMDs' businesses that is not currently available to the public," such as the "business and financial relationship between Plaintiff and the IMDs, compensation rates, performance measures and incentives, and internal procedures or guidelines. [Doc. 40 at ¶ 12]. Defendants assert that if the FPAs are disclosed publicly, it would cause significant competitive harm to both Plaintiff and the IMDs. [*Id.* at ¶ 13]. Further, according to Defendants, disclosure of the FPAs runs the risk of revealing confidential terms of the parties' agreements and/or breaching the confidentiality provisions contained in the FPAs. [*Id.* at ¶ 14].

---

[1] Defendants also filed Exhibit A-12 under Level 1 Restriction. *See* [Doc. 37-2]. However, Defendants state that the Parties have since conferred and agree that this document is not confidential and does not need to be restricted. [Doc. 40 at 3 n.1]. Accordingly, the court will direct the Clerk of Court to unrestrict [Doc. 37-2].

As to Exhibit A-15, Defendants maintain that the Settlement Agreement "contains a confidentiality provision which specifically prohibits disclosure of the agreement and its terms to the public." [*Id.* at ¶ 15]. For this reason, Defendants assert that public disclosure of the Settlement Agreement may constitute a breach of that Agreement, which could cause irreparable harm to Plaintiff and the IMDs. [*Id.*].

As a preliminary matter, the court is disinclined to restrict documents that are substantially relied upon in summary judgment briefing. *See Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01597-WJM-NYW, 2021 WL 5140300, at *2 (D. Colo. Nov. 4, 2021). As the Tenth Circuit has noted, "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief." *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quotation omitted). "Concealment of documents that were specifically considered by the Court serves to conceal the judicial process from public view, creating 'secret court proceedings [that] are anathema to a free society.'" *Bragg v. Sw. Health Sys., Inc.*, No. 18-cv-00763-MSK-NRN, 2020 WL 813797, at *3 (D. Colo. Feb. 19, 2020) (quoting *Zavaras*, 939 F. Supp. at 801 (alteration marks in original)).

Exhibits A-1 and A-15 appear to be substantially relevant and material to the Parties' dispute, which concerns the applicability of insurance coverage over alleged breaches of, or claims pursuant to, the FPAs. *See* [Doc. 6]. Indeed, Defendants state that Exhibits A-1 and A-15 "are key documents in this action, heavily cited in support" of their Motion for Summary Judgment. [Doc. 40 at ¶ 17]. Accordingly, Defendants face a high burden to demonstrate that restriction of these documents is appropriate.

Moreover, "[t]he fact that the parties agree to restriction or that there is a Stipulated Protective Order in place does not dictate the Court's decision or change its analysis, as the right of access belongs to the public, which is not a party to the parties' agreement or protective order." *E.E.O.C. v. Columbine Health Sys., Inc.*, No. 15-cv-01597-MSK-CBS, 2017 WL 4163354, at *12 (D. Colo. Sept. 19, 2017). While Defendants reference Plaintiff's designation of the FPAs and Settlement Agreement as "Confidential" under the Parties' Protective Order, *see* [Doc. 40 at ¶¶ 3-5], the court does not rely on such designations in ruling on the instant Motion to Restrict. With these principles in mind, the court turns to Defendants' arguments.

Upon review of the Motion to Restrict, Exhibits A-1 and A-15, and the applicable case law, the court respectfully concludes that Defendants have not met their burden of demonstrating that wholesale restriction of the Exhibits is warranted. First, while Defendants state that the Exhibits contain information concerning Plaintiff's and the IMDs' "business and financial relationship . . ., compensation rates, performance measures and incentives, and internal procedures and guidelines," *see* [Doc. 40 at ¶ 12], Defendants do not cite any particular provision in any Exhibit that Defendants believe contain such confidential or proprietary information. *See generally* [*id.*]; *see also Brokop v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2021 WL 4963272, at *2 (D. Colo. Aug. 25, 2021) (denying motion to restrict where the movant did not identify "specific portions" of the restricted documents that contained purportedly confidential information); *Cypress Advisors, Inc. v. Davis*, No. 17-cv-01219-MSK-KLM, 2019 WL 7290948, at *9 (D. Colo.

Aug. 28, 2019) (denying motion to restrict where the motion to restrict "[did] not identify any specific portions of the 84-page report that disclose 'Cypress' most sensitive, private, and confidential financial business information'"); *Bragg*, 2020 WL 813797, at *3 (finding that the movant did not meet her burden to justify restriction where she had not "specifically identified the particular portions of Exhibit A that she contends implicate privacy interests"). And even setting aside the lack of specific references and focusing on Defendants' arguments about specific provisions within the FPAs or the Settlement Agreement, the mere fact that a contract contains a confidentiality provision, alone, is insufficient to overcome the strong public interest in access to judicial records. *See Ostrander v. Customer Eng'g Servs., LLC*, No. 15-cv-01476-PAB-MEH, 2018 WL 1152265, at *5 (D. Colo. Mar. 5, 2018). Thus, the court is not persuaded that Defendants have articulated the private interest to be protected and explained why that interest outweighs the right of public access. *See* D.C.COLO.LCivR 7.2(c)(2).

Second, while Defendants maintain that disclosure may harm Plaintiff's and the IMDs' "confidential agreements, competitive advantage, trade secrets, and proprietary and financial interests," *see* [Doc. 40 at ¶ 16], the court finds such generalized assertions insufficient to "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2(c)(3). *See, e.g.*, *Den 8888, LLC v. Navajo Express, Inc*., No. 21-cv-00321-STV, 2021 WL 463623, at *2 (D. Colo. Feb. 9, 2021) (finding that "vague and conclusory" assertions of a potential injury were insufficient to overcome the presumption of public access); *see also Tapest v. PS Camping, Inc*., No. 16-cv-01340-MSK-CBS, 2016 WL 11713385, at *5 (D. Colo. Oct. 25, 2016) (denying motion to restrict where the "claimed risk of harm from public disclosure of its financial information is generalized and speculative"). Moreover, while Defendants state that publicly disclosing the Exhibits "could . . . possibly breach[] the confidentiality provision contained in the FPAs" and "may constitute a breach of the Settlement Agreement," *see* [Doc. 40 at ¶¶ 14-15], the court notes that Defendants have quoted from the Settlement Agreement in their Motion for Summary Judgment, [Doc. 36 at 11], as well as in their Answer and Counterclaims. *See, e.g.*, [Doc. 20 at 18, ¶¶ 20-21]. Defendants do not explain why wholesale restriction of the Settlement Agreement is necessary, but otherwise quoting language from the Settlement Agreement elsewhere on the docket is permissible. *See Cherry Creek Mortg. Co. v. Jarboe*, No. 18-cv-00462-KLM, 2019 WL 10060388, at *4 (D. Colo. Feb. 27, 2019) ("Although much of the Agreement has not been publicly disclosed, numerous sections have been. Thus, there appears to be no reason why Plaintiff cannot provide a narrowly-tailored redacted version of the Agreement in order to prevent disclosure of what is truly confidential information.").

For this same reason, the court is respectfully not persuaded that Defendants have successfully articulated why no less-restrictive measures could adequately protect the privacy interests at stake in this case, as required by Local Rule 7.2(c)(4). While Defendants state that "no alternative to restriction exists, especially in light of the confidentiality provisions contained in" the FPAs and Settlement Agreement, [Doc. 40 at ¶ 6], Defendants do not expound on this argument, and the fact that Defendants have elsewhere quoted from the Settlement Agreement cuts against a finding that wholesale restriction of Exhibit A-15 is appropriate. *Cherry Creek Mortg. Co.*, 2019 WL 10060388, at *4. The rule that requires parties to explain why less restrictive measures would be inadequate is "intended to cause the parties to carefully consider why the information is being presented to the court in the first place, and to think creatively about whether there is a way to achieve that purpose without resorting to a process that shields relevant materials

from public review." *Richardson v. Gallagher*, No. 10-cv-02097-MSK-CBS, 2012 WL 4359116, at *8 (D. Colo. Sept. 24, 2012). "The local rule <u>requires</u> that the party seeking restriction show why more limited restriction, such as redaction of sensitive portions of a document, would not be sufficient to protect the alleged interest." *Weinreis Ethanol, LLC v. Kramer*, No. 21-cv-03120-CMA-NRN, 2022 WL 180635, at *4 (D. Colo. Jan. 20, 2022) (emphasis added). Absent any explanation as to why less-restrictive measures would be inadequate, the court cannot conclude that Defendants have met their burden under the Local Rules.

However, the court is mindful that the IMDs are not parties to this case. "[G]enerally, non-parties have an interest in protecting against disclosure of their confidential information." *Brokop*, 2021 WL 4963272, at *3. Moreover, the court has reviewed Exhibit A-1 and agrees that certain information contained in the FPAs could be considered proprietary or confidential. *See Cahey v. Int'l Bus. Machines Corp.*, No. 20-cv-00781-NYW, 2021 WL 5051953, at *2 (D. Colo. Apr. 2, 2021) (concluding that corporate incentive and compensation structure was proprietary information and disclosure of such information could cause significant harm); *Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party). Similarly, the court notes that it was Defendants, not Plaintiff, who filed the FPAs and Settlement Agreement on the docket, and understands that an argument could be made that disclosure of the Settlement Agreement could harm Plaintiff's proprietary or competitive interests, if such an argument identified specific privacy interests at stake and a clearly defined risk of harm arising out of disclosure. "Courts have recognized that the potential danger from releasing confidential business information . . . may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013). Finally, the court recognizes that these documents may contain information that is properly restricted, but that neither Party has adequately addressed the restriction requirements.

Accordingly, the court will maintain Level 1 Restriction of Exhibits A-1 and A-15 for **seven calendar days**. On or before **April 29, 2022**, Defendants **SHALL FILE** either (1) a renewed Motion to Restrict, setting forth specific arguments under Local Rule 7.2(c) concerning the specific proprietary or confidential information to be protected, why concerns of privacy outweigh the public's right of access to judicial records, and why redaction is not adequate to protect the interests and stake; or (2) redacted copies of Exhibits A-1 and A-15 that redact proprietary and/or confidential information of Plaintiff and the IMDs. **<u>If no such filing is made, the court will direct the Clerk of Court to unrestrict Exhibits A-1 and A-15.</u>**

For these reasons, **IT IS ORDERED** that:

(1) Defendants/Counterclaim Plaintiffs Atlantic Specialty Insurance Company and the Medical Protective Company's Unopposed Motion to Restrict [Doc. 40] is **DENIED without prejudice**;

(2) On or before **April 29, 2022**, Defendants **SHALL FILE** either (1) a renewed Motion to Restrict; or (2) redacted copies of Exhibits A-1 and A-15;

(3)  The Clerk of the Court is **DIRECTED** to **MAINTAIN** a Level 1 Restriction for [Doc. 37-1] and [Doc. 37-3] until further order of the court; and

(4)  The Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 37-2].

DATED:  April 22, 2022