IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02913-NYW

COLORADO ACCESS,

    Plaintiff,

v.

ATLANTIC SPECIALTY INSURANCE COMPANY, and
THE MEDICAL PROTECTIVE COMPANY,

    Defendants.

## ORDER GRANTING MOTION TO STAY

This matter is before the Court on Defendants and Counterclaim Plaintiffs Atlantic Specialty Insurance Company's and the Medical Protective Company's Motion to Stay (the "Motion" or "Motion to Stay") filed on August 10, 2022. [Doc. 53].[1] In the Motion, Defendants request that this Court stay discovery in this case pending resolution of the Parties' Motions for Summary Judgment. *See* [*id.* at 1]. Plaintiff opposes a stay. *See* [Doc. 55]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion to Stay is **GRANTED**.

## BACKGROUND

Plaintiff Colorado Access is a non-profit corporation that administers behavioral health benefits to individuals enrolled in Medicaid. [Doc. 6 at ¶ 6]. Relevant here, through this work, Plaintiff enters into Facility Provider Agreements ("FPAs") with behavioral health providers,

---

[1] This Court originally fully presided over this matter pursuant to 28 U.S.C. § 636(c) and the Parties' consent to the jurisdiction of a Magistrate Judge. *See* [Doc. 23; Doc. 24]. On July 22, 2022, the undersigned was sworn in as a District Judge and now presides over the case in this capacity. *See* [Doc. 52].

including Institutions of Mental Disease ("IMDs"). [*Id.* at ¶¶ 6-7]. In August 2019, certain IMD operators notified Plaintiff that certain payments under the FPAs had been improperly denied or recouped pursuant to a disputed term in the FPAs. [*Id.* at ¶ 8]. At this time, Plaintiff was insured by a "Managed Care Errors and Omissions Liability Policy" issued by Defendant Atlantic Specialty Insurance Company ("ASIC"). [*Id.* at ¶ 9]. Plaintiff tended the claims to ASIC pursuant to the policy. [*Id.* at ¶ 10]. Thereafter, Defendant The Medical Protective Company ("MedPro") informed Plaintiff that it was handling the claim on behalf of ASIC. [*Id.* at ¶ 13].

Plaintiff and the IMD operators reached a settlement in April 2021. [*Id.* at ¶ 14].[2] After funding the settlement, Plaintiff sought reimbursement of the payment from ASIC. [*Id.* at ¶ 15]. MedPro responded, "on ASIC/MedPro's behalf," that there was no coverage for Plaintiff's claim because MedPro "was only advised of the settlement after it was reached and thus did not provide written consent to same as required under the Policy." [*Id.*].

Plaintiff initiated this civil action on September 24, 2021 in the District Court for the County of Denver. *See generally* [*id.*]. Defendants removed the case to federal court on October 29, 2021. [Doc. 1]. This Court entered a Scheduling Order on January 6, 2022. *See* [Doc. 27]. Then, on February 1, 2022, this Court set a briefing schedule for early motions for summary judgment. [Doc. 33]. Defendants' Motion for Summary Judgment was filed on March 30, 2022, [Doc. 36], and Plaintiff's Response and Cross-Motion for Summary Judgment was filed on April 20, 2022. [Doc. 41]. Both Motions for Summary Judgment are fully briefed.

---

[2] Before settlement was reached, the IMD operators demanded that the dispute be submitted to arbitration, which demand was tendered to ASIC. [Doc. 6 at ¶ 11]. An arbitration was held and a decision was entered against Plaintiff. [*Id.* at ¶ 12]. However, thereafter, it was discovered that the arbitrator had a disqualifying conflict that he failed to disclose, and the arbitration decision was vacated. [*Id.*].

2

Defendants filed the instant Motion on August 10, 2022, moving the Court to stay discovery until the resolution of the Parties' Motions for Summary Judgment. [Doc. 53 at 1]. Defendants represent that Plaintiff has recently requested several depositions, which Defendants argue are unnecessary to determine the Motions for Summary Judgment; in so doing, Defendants note that Plaintiff itself has moved for summary judgment on the basis that the material facts are undisputed. [*Id.* at 2]. Defendants argue that this case "is highly likely to be fully resolved when the Court issues an opinion" on the Motions for Summary Judgment. [*Id.*]. In its Response, Plaintiff asserts that the Motions for Summary Judgment "will certainly resolve aspects of this case, but the Court's rulings could very well result in a determination that discovery is required," and delay in discovery will prejudice Plaintiff. [Doc. 55 at 4]. The Court addresses the Parties' arguments below.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

3

and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the Court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The Court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the Court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Notably, courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

In their briefing, both Parties focus their arguments on the *String Cheese* factors, each asserting that the factors weigh in favor of their respective position. *See* [Doc. 53 at 6-9; Doc. 55 at 2-4]. For the reasons set forth below, the Court respectfully concludes that, on balance, the *String Cheese* factors warrant a stay of discovery in this case.

***Plaintiff's Interest in Proceeding Expeditiously***. Defendants first assert that Plaintiff will suffer no prejudice in the event of a stay, as "[f]or the past seven months, Plaintiff took the position that it was in the Parties' interests to first brief the dispositive legal issue—coverage under the Policy—to be followed by discovery only if necessary," and Plaintiff "has not articulated what has changed" to necessitate discovery at this time. [Doc. 55 at 6]. Plaintiff responds that while it "was

4

initially motivated to delay the start of discovery by requests from [D]efendants to engage in early settlement discussions, these efforts proved to be unproductive." [Doc. 55 at 2]. Plaintiff asserts that it "has the potential to suffer from prejudice from an indefinite delay in discovery," as "the more time that passes between the events in the underlying dispute and depositions, the worse witnesses' memories are likely to be." [*Id.* at 2-3].

To be sure, Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City and Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *1 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences."). However, the Court notes that the event giving rise to this cause of action—the denial of insurance coverage—occurred in August 2021. *See* [Doc. 6 at ¶ 15]. Thus, this case is not particularly analogous to those cases in which this Court has found that the plaintiff's interest in proceeding expeditiously, and in avoiding undue delays in discovery, weighed against a stay. *Compare Sanchez*, 2020 WL 924607, at *5 (noting that, where events giving rise to action occurred in 2018 and the case was not likely to be resolved until 2021, a stay of discovery was disfavored); *Colo. Dep't of Pub. Health & Env't v. United States*, No. 21-cv-02474-RMR-NYW, 2021 WL 5770228, at *3 (D. Colo. Dec. 6, 2021) (where the alleged legal violation occurred in 2016 but case was unlikely to be resolved until 2023, a stay was disfavored). The Court respectfully concludes that while Plaintiff has an interest in proceeding expeditiously with discovery, this interest is outweighed by the other *String Cheese* factors discussed below.

**The Burden on Defendants**. As to the second *String Cheese* factor, Defendants maintain that requiring them to proceed with discovery would impose a "heavy burden" on them, as

Plaintiff's requested depositions will "undoubtedly require substantial investments of time and expense." [Doc. 53 at 6].  For this reason, Defendants argue that proceeding with discovery would be wasteful of the Parties' time and resources.  [*Id.*].  Plaintiff responds that participating in depositions is an ordinary burden of litigating a case, and while the Parties may save time or money if discovery is stayed pending the dispositive motions, the same could be said in *any* case.  [Doc. 55 at 3].

The Court agrees with Plaintiff that typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011), as "[d]efendants are always burdened when they are sued."  *Chavez*, 2007 WL 683973, at *2.  However, where, as here, a pending dispositive motion could completely resolve the case, proceeding with discovery may prove to be an impractical endeavor.  *See Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding that, although the defendants had not demonstrated that proceeding with discovery would present an *undue* burden, finding that the second *String Cheese* factor nevertheless weighed in favor of a stay where discovery "could be wasteful").  I thus find that this factor weighs in favor of a stay.  *Mike Lee, Co. LLC v. Nationwide Mut. Ins. Co.*, No. 19-cv-00006-KLM, 2019 WL 11692874, at *2 (D. Colo. July 22, 2019) (staying discovery pending ruling on dispositive motions).

**The Convenience to the Court**.  The third *String Cheese* factor, convenience to the Court, favors a stay.  While Plaintiff argues that "[t]he Court is not inconvenienced by parties conducting basic discovery and instead, likely benefits from the case continuing to move forward," [Doc. 55 at 2], Plaintiff does not develop this argument any further.  And although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the

6

case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), the pending dispositive motions may dispose of this case entirely. Given this, the Court finds that a stay of discovery may conserve judicial resources. *See Mike Lee, Co. LLC*, 2019 WL 11692874, at *2 ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."). "All things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes." *Sanchez*, 2020 WL 924607, at *6. For these reasons, I find that factor three weighs in favor of granting the stay.

***Interests of Non-Parties and the Public Interest***. As to the fourth *String Cheese* factor, neither party identifies any specific non-party interests that would benefit or be burdened by a stay. *See* [Doc. 53 at 7; Doc. 55 at 2]. The fourth *String Cheese* factor is therefore neutral. *See Cooper v. Shelter Gen. Ins. Co.*, No. 21-cv-02957-REB-NYW, 2022 WL 1046964, at *4 (D. Colo. Apr. 7, 2022).

As to the fifth *String Cheese* factor, Defendants assert that "there is no strong public interest in this insurance coverage dispute which would require discovery to proceed immediately." [Doc. 53 at 7]. Plaintiff similarly asserts that "the public has no particular interest in the conducting of discovery here," and argues that this factor is thus neutral. [Doc. 55 at 2 and n.1]. The public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). The Court thus finds that the fifth *Sting Cheese* factor— the interest of the public—weighs in favor of a stay.

The Court recognizes that this District generally disfavors stays of discovery, *Wason Ranch Corp.*, 2007 WL 1655362, at *1, and the simple fact that a dispositive motion has been filed is insufficient, alone, to warrant a stay of discovery. *Cf. Boden v. Hmshost Corp.,* No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015). Nevertheless, the Court finds the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motions for Summary Judgment. In so finding, the Court does not pass on the merits of the pending Motions for Summary Judgment or the arguments therein. For the reasons set forth herein, the Motion to Stay is hereby **GRANTED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)  Defendants and Counterclaim Plaintiffs Atlantic Specialty Insurance Company's and the Medical Protective Company's Motion to Stay [Doc. 53] is **GRANTED**; and

(2)  All discovery in this matter is hereby **STAYED** pending final resolution of the Motions for Summary Judgment [Doc. 36; Doc. 41].

DATED: August 29, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge